IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00400-WJM-CBS

JAY BINGAMAN,
    Plaintiff,
v.

GARY TOR[R]EZ,
JOHN PRATT, and
DON SIMONEAUX,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendants' Motion to Dismiss filed on June 18, 2012 (Doc. # 17); and (2) Plaintiff's Motion to Amend Complaint filed on July 12, 2012 (Doc. # 21). Pursuant to the Order Referring Case dated April 19, 2012 (Doc. # 10) and the memoranda dated June 19, 2012 (Doc. # 18) and July 12, 2012 (Doc. # 22), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Bingaman's "1st Reply to Motion to Dismiss" ("Response") (filed July 26, 2012) (Doc. # 23), the proposed Amended Prisoner Complaint (Doc. # 21-1), Defendants' Response to Plaintiff's Motion to Amend Complaint (filed August 2, 2012) (Doc. # 24), Defendants' Reply in Support of Motion to Dismiss (filed August 9, 2012) (Doc. # 25), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Background

    Plaintiff, Mr. Bingaman, is currently incarcerated at the Fremont Correctional Facility ("FCF") of the Colorado Department of Corrections ("CDOC") in Cañon City, Colorado. Proceeding *pro se*, Mr. Bingaman brings this civil action pursuant to Title 42 U.S.C. § 1983. (*See* Complaint (Doc. # 1) at 3 of 35). Mr. Bingaman's allegations arise from events that occurred on March 15, 2010 while he was incarcerated at FCF. Mr. Bingaman alleges two claims for "Cruel and Unusual Punishment in violation of the 8th Amendment," based on Defendants' failure to protect him from an assault by his cell mate, inmate Baker. (*See id.* at 4-

13 of 35). Mr. Bingaman seeks declaratory relief, injunctive relief, and compensatory and punitive damages. (*See id.* at 16-17 of 35).

II.     Standard of Review

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). Defendants' assertion of Eleventh Amendment immunity constitutes a challenge to the allegations of subject matter jurisdiction in the Complaint. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("Once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction.") (original emphasis omitted)). The determination of subject matter jurisdiction is a threshold issue of law, *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987), that the court addresses before turning to the merits of the case. *Ruiz*, 299 F.3d at 1180. A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). *See also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction.") (internal quotation marks and citations omitted). As the party asserting jurisdiction, Mr. Bingaman bears the burden of establishing that this court has jurisdiction to hear his claims. *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain

enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.

Because Mr. Bingaman appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate);  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.  Analysis

Mr. Bingaman brings his claims pursuant to 42 U.S.C. § 1983.  Section 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution."  42 U.S.C. § 1983.  Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).  *See also Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) ("In order to successfully state a cause of action under section 1983, [Mr. Bingaman] must allege . . . the deprivation of a federal right. . . .") (internal quotation marks and citation omitted).  To

establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

A.   Liability of Defendants in their Official Capacities

Mr. Bingaman does not specifically allege whether he is suing Defendants in their individual capacities, their official capacities, or both. (*See* Doc. # 1). To the extent that Mr. Bingaman is suing Defendants in their official capacities, he is actually attempting to impose liability on their employer, the CDOC. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"). The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. The Eleventh Amendment provides for the sovereign immunity of a state or state actors sued in federal court. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir.1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). "[W]hen a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the real party in interest is the state, and the suit is barred by the Eleventh Amendment." *Id.* (internal quotation marks and citation omitted). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted). To the extent that Mr. Bingaman is suing Defendants who are state employees in their official capacities for money damages, such claims are properly dismissed without prejudice as barred by the Eleventh Amendment.[1]

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities. *Graham*, 473 U.S. at 164. To the extent that Mr. Bingaman is suing

---

[1] "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

Defendants in their individual capacities, personal capacity suits seek to impose personal liability upon a government official for actions he or she takes. *Graham*, 473 U.S. at 165-67. In addition to monetary damages, Mr. Bingaman seeks declaratory and injunctive relief. (*See* Doc. # 1 at 3, 16 of 35). Actions in federal court seeking injunctive relief against state officials are not always barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 N. 14 (1985). The court proceeds to evaluate whether Mr. Bingaman states any claim against Defendants in their individual capacities or in their official capacities for injunctive relief.

B.      Liability of Defendants in their Individual Capacities

Mr. Bingaman alleges "two claims of cruel and unusual punishment in violation of the United States Constitution" by Defendants based on their failure to protect him from an assault by his cellmate. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. at 319. Where an Eighth Amendment claim is based upon conditions of confinement, an inmate must satisfy a two-prong test that (1) the deprivation suffered was "objectively 'sufficiently serious,'" and (2) the defendant had a "sufficiently culpable state of mind" or was "deliberately indifferent" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991).

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (internal quotation marks and citation omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S.

at 834. The objective component of an Eighth Amendment claim addresses whether Mr. Bingaman is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. This includes "official conduct that is sure or very likely to cause serious injury at the hands of other inmates." *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (internal quotation marks and citation omitted).

The subjective component of an Eighth Amendment claim addresses whether Defendants had the culpable state of mind known as "deliberate indifference." *Farmer*, 511 U.S. at 834. Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry*, 900 F.2d at 1496. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks and citation omitted).

1.  Claim One

Mr. Bingaman alleges in Claim One that on the evening of March 15, 2010 he was asked to move cells "to move in with inmate Baker downstairs." (*See* Doc. # 1 at 4 of 35, ¶ 5). He had "no prior knowledge of" inmate Baker. (*See id.*). When Mr. Bingaman entered his new cell, Mr. Baker "approached from behind and immediately began assaulting Plaintiff by punching him in the head, face, and body with his fists . . . ." (*See id.* at 5 of 35, ¶ 9). Mr. Bingaman "was able to escape the cell" and "to report the assault." (*See id.* at 5 of 35, ¶ 10). Mr. Bingaman alleges that he suffered "severe bruising along the head, neck, and back, two black eyes and a bloody nose." (*See id.* at 5 of 35, ¶ 10;  18-19 of 35). Mr. Bingaman alleges that he was provided "extensive medical exam and treatment for his injuries." (*See* Doc. # 1 at 5 of 35, ¶ 13). Mr. Baker "was removed from the cell house." (*See id.*). Mr. Bingaman alleges that Defendant Pratt

warned "at least one associate of Mr. Baker's, inmate Franklin, against harassing and threatening Plaintiff." (*See id.* at 5-6 of 35, ¶ 13). Mr. Bingaman "was allowed to move to C-Pod without further incident." ((*See id.* at 5-6 of 35, ¶ 13).

The court concludes that Mr. Bingaman does not adequately allege an Eighth amendment claim against Defendants for deliberate indifference to an objectively serious risk to his safety. Mr. Bingaman does not allege any specific threat to his personal safety from Mr. Baker. Mr. Bingaman's allegations indicate that neither he nor any Defendant was specifically aware of any threat from Mr. Baker toward him or that sharing a cell with Mr. Baker posed any risk of harm to him. Being subjected to the mere possibility of assault from another inmate is not sufficiently serious to give rise to an Eighth Amendment violation. *See Harris v. Matthews*, No. 10-1405, 2011 WL 1108799, at *3 (10th Cir. 2011) ("an idle threat of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim.") (internal quotation marks and citation omitted).[2] Mr. Bingaman has not made any factual allegations that the Defendants were on notice regarding a risk of harm to him by Mr. Baker or that their conduct was likely to cause him injury by Mr. Baker. *See Benefield*, 241 F.3d at 1272. Because Mr. Bingaman has not identified any substantial risk to his safety, he does not state a valid Eighth Amendment claim. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996) (while "one does not have to await the consummation of threatened injury, . . . the deprivation alleged must be objectively sufficiently serious").

Nor does Mr. Bingaman state an Eighth Amendment claim by alleging generally that Mr. Baker "was an established violent and gang affiliated 'Skinhead'" and that "as a newly convicted offender" and a sex offender, he faced "serious risks of intimidation, threats, and violence shared by all sex offenders while in prison." (*See* Doc. # 1 at 3 ¶ 3, 4 ¶ 6, 6 ¶ 16). *See Riddle v. Mondragon*, 83 F.3d at 1205 (Plaintiff "exposed to adverse prison setting, constantly in fear of his life by physical assaults from other inmates who may discover his crime as sex offense at any time" did not state an Eighth Amendment claim for failure to protect his safety). Mere classification as a sex offender does not give rise to an Eighth Amendment claim. *See Pacheco*

---

[2] Copies of unpublished decisions cited are attached to this Recommendation.

*v. Timme*, No. 11-cv-02530-WJM-KLM, 2012 WL 4049831, at * 3 (D. Colo. Sept. 13, 2012) (fact that some inmates at another facility were harmed due to their status as sex offenders did not mean that plaintiff was subjected to risk of violence at his facility based on his sex offender status). Mr. Bingaman alleges that as a "Skinhead," Mr. Baker presented a threat to non-white offenders. (*See* Doc. # 1 at 4 ¶¶ 5, 6). The Complaint alleges that Defendants avoided housing Mr. Baker with a non-white cellmate. Mr. Bingaman does not allege that he is non-white or that he was assaulted for being non-white. Mr. Bingaman has alleged Mr. Baker was not aware that he was a sex offender. (*See* Doc. # 1 at 5 ¶ 9 ("Ba[ ]ker approached . . . and immediately began . . . demanding Plaintiff's 'papers' (a list of charges convicted of)"). Mr. Bingaman's allegations do not meet the objective element of an Eighth Amendment claim against the Defendants for failure to protect him from a risk of harm by Mr. Baker.

Mr. Bingaman also fails to allege sufficient facts to support the subjective component of his Eighth Amendment claim, that Defendants were deliberately indifferent to a substantial risk of serious harm to him. The subjective standard requires "that the official actually be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 837). "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Id.* (citation omitted). Liability can only be based on actual knowledge of a substantial risk of serious harm, not on an "official's failure to alleviate a significant risk that he should have perceived but did not. . . ." *Farmer*, 511 U.S. at 838. To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847).

The allegations in the Complaint fail to support an inference that Defendants were aware of any specific risk to Mr. Bingaman from Mr. Baker and disregarded such risk. Mr. Bingaman merely alleges that Defendants were present when he retreated from his cell to the office to report the alleged assault. (*See* Doc. # 1 at 5 of 35, 10-11). Mr. Bingaman alleges that

Defendant Torrez merely arrived on the scene as a member of the emergency first response team after he was attacked by Mr. Baker. (*See id.* at ¶ 11). Mr. Bingaman alleges that prior to his transfer to the cell with Mr. Baker, he was not permitted to view Mr. Baker's inmate "files for signs of aggression or dangerousness." (*See* Doc. # 1 at 8 of 35, ¶ 24). However, there are no allegations to support an inference that Defendants subjectively knew of the risk to Mr. Bingaman from Mr. Baker and consciously disregarded such risk. Mr. Bingaman's allegations are insufficient to support the element of deliberate indifference, and thus his claim is not cognizable under the Eighth Amendment.

    2.    Claim Two

Mr. Bingaman alleges in Claim Two that between May 18, 2011 and June 8, 2011, he tested positive for Hepatitis-C. (*See* Doc. # 1 at 10, 22 of 35). He alleges that he did not test positive for Hepatitis-C when tested in October of 2009. (*See id.*). Mr. Bingaman alleges that "the only significant event between the periods of October 2009 and May 2011 is the assault" and that inmate Baker is "infected with Hepatitis-C." (*See id.* at 11 of 35; *but see* Step III Grievance (Doc. # 1 at 26 of 35) (Mr. Bingaman states he was infected with Hepatitis-C "likely as the result of an assault when placed (celled) unconventionally with a violent offender or by some other source of exposure at or near that time"); Step I Grievance (Doc. # 1 at 28 of 35) ("on May 23, 2011 I learned from medical NP Gallegos that I was infected with Hepatitis-C. This is most likely from an assault due to a bad cellie arrangement or some other unknown exposure beyond my control or knowledge since my arrival from DRDC.").

Mr. Bingaman's allegation that Defendants failed to protect him from infection with Hepatitis-C from Mr. Baker is based on mere speculation that cannot support an Eighth Amendment claim. *See Self v. Crum*, 439 F.3d 1227, 1235 (10th Cir. 2006) (allegations resting solely on speculation and conjecture cannot support an inference of actual knowledge). Further, Mr. Bingaman does not allege facts that would show the Defendants were aware of an excessive risk of harm to him and that they ignored such risk. Mr. Bingaman fails to allege that any of the Defendants knew whether Mr. Baker tested positive for Hepatitis-C. Mr. Bingaman does not allege that any of the Defendants were medical staff or had access to any offender's medical

file. (*See* Doc. # 1 at 2 pf 35). *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (An Eighth Amendment violation arises only where a defendant subjectively knows of an excessive risk to the plaintiff's safety but nevertheless disregards that risk.). Mr. Bingaman must do more than allege that Defendants should have known of the risk of harm. *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (citation omitted). Mr. Bingaman's conclusory allegations are insufficient to support an Eighth Amendment claim of deliberate indifference to an objectively serious risk to his health or safety. In sum, Mr. Bingaman has failed to allege a basis for holding the Defendants individually liable under §1983 and, thus, Defendants are properly dismissed from this civil action. Nor has Mr. Bingaman stated a claim to relief against Defendants in their official capacities for prospective relief.

C.   Qualified Immunity

Defendants in their individual capacities raise the defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id*.

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established when the alleged violation occurred. *Verdecia*, 327 F.3d at 1174. As the court concludes that Mr. Bingaman fails to demonstrate any constitutional violation, it also recommends that Defendants in their individual capacities are entitled to qualified immunity. The court need not reach the "clearly established" prong of

qualified immunity to conclude that Mr. Bingaman's claims are properly dismissed. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

D.   Mr. Bingaman's Motion to Amend

After Defendants filed their Motion to Dismiss, Mr. Bingaman moved to file his Amended Prisoner Complaint. He seeks to correct the spelling of Defendant Torrez's surname, correct "cell D-107" to "cell D-106," and amend "Paragraphs 20 through 31 of Claim One and Paragraphs 38 through 45 of Claim Two . . . in an attempt to cure deficiencies under *Ashcroft v. Iqbal* . . . ." (*See* Doc. # 21 at 1-2, ¶¶ 1-3).

Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "The broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), a motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (internal quotation marks and citation omitted). The requirement that leave to amend be given freely does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *Id. See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (affirming district court's denial of motion to amend based on futility); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as

futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted); *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990) (motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim"); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

In his motion and proposed Amended Complaint, Mr. Bingaman fails to cure the deficiencies noted, *supra.*, in this Recommendation. First, the Amended Complaint does not address or alter Defendants' immunity to money damages in their official capacities under the Eleventh Amendment. Second, the proposed Amended Complaint provides no basis for the court to deviate from its conclusion that Mr. Bingaman has failed to set forth sufficient allegations to satisfy the objective or subjective components of an Eighth Amendment claim.

As to the objective component of his Eighth Amendment claims, Mr. Bingaman's proposed amendment does not allege a specific risk of harm to him from Mr. Baker. Mr. Bingaman continues to allege only a generalized risk to him based on Mr. Baker's "white supremacist nature with the propensity for violence, extortion, and intimidation." (*See* Doc. # 21-1 at 7 of 33, ¶ 23). Mr. Bingaman alleges that his "designation was 'white.'" (*See* Doc. # 21-1 at 8 of 33, ¶ 26). Mr. Bingaman's allegation that Defendants were "aware of Mr. Baker's likelihood for violence towards non-whites and sex offenders as identified by his white supremacist nature" is insufficient to state a claim for failure to protect. *See Jones v. Bernard*, No. 02-1349, 77 F. App'x 467, at * 470 (10th Cir. Oct. 8, 2003). ("That plaintiff is black and his attacker white is insufficient to create an obvious risk."). Mr. Bingaman's allegation that Defendants failed to protect him from infection with Hepatitis-C from Mr. Baker continues to be based on nothing more than speculation that does not state an Eighth Amendment claim. (*See* Doc. # 21-1 at 11 of 33 (wherein Mr. Bingaman argues that his "symptoms of a Hepatitis-C infection and subsequent confirmation of infection was made in an unprecedented short amount of time and significantly narrows the possible sources of infection."). The facts as alleged by Mr. Bingaman fail to state "a known or obvious risk except in the most conclusory of terms." *Id.*

With respect to the subjective component of the deliberate indifference test, Mr. Bingaman's proposed Amended Complaint does not set forth sufficient facts to support an inference that Defendants were actually aware of a specific risk to his safety from Mr. Baker. Mr. Bingaman alleges that Defendant Pratt was aware that Mr. Baker might be dangerous to a non-white offender such as Mr. Mondragon, but fails to allege that Pratt was aware of any specific threat or danger to Mr. Bingaman. *See Verdecia*, 327 F.3d at 1175 (plaintiff did not establish that defendants were subjectively aware that the placement of a Cuban in a cell with two members of the Latin Kings was a risk to his safety). Mr. Bingaman alleges that Defendant Torrez was not present during his move to Mr. Baker's cell. (*See* Doc. # 21-1 at 8 of 33, ¶ 29). Mr. Bingaman's allegation that Defendants Pratt and Simoneaux issued him a new room key fails to rise to the level of deliberate indifference to his safety under the Eighth Amendment. (*See id.* at ¶ 30).

Mr. Bingaman's conclusory statements in his Response that "Defendants knew that Plaintiff faced serious assault or worse if he were to be celled with inmate Baker . . ." and that "through newly acquired testimony" he "can show that Defendants were specifically advised by Mr. Baker himself that Plaintiff would be harmed if Plaintiff was to be celled with Mr. Baker" are not contained in his proposed Amended Complaint. (*See* Doc. # 23 at 7, 8 of 11; Doc. # 21-1). Allegations that do not appear in the pleadings cannot be raised for the first time in a response to a motion to dismiss. *See Blackmon v. U.S.D. 259 School Dist.*, 769 F. Supp. 2d 1267, 1267 (D. Kan. 2011) ("To the extent Plaintiff tried to assert additional or different claims in her response to Defendant's motion to dismiss, those claims are not allowed."); *In re Qwest Communications Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) (holding that "plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss"); *Mattson v. Chertoff*, No. 07-cv-02432-PAB-BNB, 2009 WL 564289, *4 n.3 (D. Colo. Mar. 5, 2009) ("The plaintiff attempts to assert an additional claim for a 'matter' 'that occurred on March 1, 2008.' I will not address claims raised for the first time in a brief opposing a dispositive motion.") (internal citation omitted).

Mr. Bingaman does not state a claim based on his allegation that Defendants breached

their "duty of reasonable care to protect him from a known or obvious risk." (*See* Doc. # 21-1 at 8 of 33, ¶ 31; *see also* Doc. # 23 at 5 of 11 ("Plaintiff asserts that . . . it was reasonably foreseeable . . . , against better judgment and Departmental policy . . . .")). To state a claim under the Eighth Amendment, a plaintiff must allege that the defendants actually knew of the risk; it is insufficient to allege that they should have known of the risk. *See Verdecia*, 327 F.3d at 1175. The mere showing of simple, or even heightened, negligence does not establish that Defendants were subjectively aware of the risk. *Verdecia*, 327 F.3d at 1176.

To the extent that Mr. Bingaman alleges that Defendants "did not follow Department of Corrections or Department of Health and Safety standards and policy when . . . assigning Plaintiff to cell with Mr. Baker" (*see* proposed Amended Complaint (Doc. # 21-1) at 8 of 33, ¶ 28), the "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision")). *See also Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir.2002) ("To the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim" for deprivation of a right secured by the Constitution or laws of the United States.) (citations omitted);

Because Mr. Bingaman's allegations, even as amended, remain insufficient to state a claim for violation of his Eighth Amendment rights, his Motion to Amend is properly denied as futile.

E.   Exhaustion of Administrative Remedies

Defendants further argue that even if Mr. Bingaman's allegations stated a violation of his Eighth Amendment rights, Claim One would be precluded for failure to exhaust available administrative remedies. As the court concludes, *supra.*, that Mr. Bingaman fails to state a claim for violation of the Eighth Amendment, it need not reach Defendants' exhaustion argument at this time.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's Motion to Amend Complaint filed on July 12, 2012 (Doc. # 21) be DENIED.

2. Defendants' Motion to Dismiss filed on June 18, 2012 (Doc. # 17) be GRANTED, any claim against Defendants in their official capacities for monetary damages be dismissed for lack of subject matter jurisdiction, all other claims be dismissed for failure to state a claim to which relief can be granted, and the Complaint (Doc. # 1) be dismissed.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.

2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 5th day of November, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

Case 1:12-cv-00400-WJM-CBS   Document 26   Filed 11/05/12   USDC Colorado   Page 16 of 16